[No. 2364]

# W. H. CAMPBELL, RESPONDENT *v.* JOE VANETTI AND ANGELO CAPURO, APPELLANTS.

[181 Pac. 963]

1. BROKERS—ACTION FOR COMMISSION.
    In a broker's action for commissions for the sale of land,
    a finding that the contract was one of general employment to
    find a purchaser at any price, defendant to pay 5 per cent com-
    mission, was not supported by proof of a contract that plaintiff
    was to find a buyer for the property at a stated price upon
    which a 5 per cent commission was to be paid.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran,* Judge.

Action by W. H. Campbell against Joe Vanetti and
another. Judgment for plaintiff, and from an order
denying a new trial, defendants appeal. **Remanded, and
new trial directed.**

*Orvis Speciali* and *Mack & Green,* for Appellants:

Where a broker undertakes to find a purchaser for
specific property within a fixed time and at a fixed price,
he is not entitled to any commission until he has per-
formed the undertaking; and the loss, if any, occasioned
by his failure to perform the undertaking, is his own.
9 C. J. 587, 611; 19 Cyc. 240; 4 C. J. 303; Sibbald v.
Bethlehem Iron Co., 83 N. Y. 378; Fulz v. Wimer, 9
Pac. 316; Ernst v. Ganahl, 166 Cal. 493; Brown v.
Mason, 155 Cal. 155; Holmes v. Silcox, 160 N. W. 465;
Wylie v. Bank, 61 N. Y. 416. "Inasmuch as it is elemen-
tary law that where a contract is made on a certain
named condition, a party seeking to recover under the
contract must bring himself within the condition."
4 R. C. L. 322.

*LeRoy F. Pike* and *Roy W. Stoddard,* for Respondent:

"The universal rule is that, unless limited by express
provisions of the contract, a broker is entitled to his
compensation when he has done all his contract
required of him." 9 C. J. 587, 589. "If property is

placed in the hands of a broker for sale at a certain price, and a sale is 'brought about through the broker as a procuring cause, he is entitled to commissions on the sale, even though the final negotiations were conducted through the owner, who, in order to make the sale, accepts a price less than that stipulated to the broker." The law will not allow the owner of property sold to reap the fruits of the broker's labor and then deny him his just reward. Ann. Cas. 1913E, 784; Slotboom v. Simpson Lumber Co., 67 Or. 516; 4 R. C. L. 433; Ann. Cas. 1913D, 823; Ann. Cas. 1914C, 132.

By the Court, SANDERS, J.:

This action was brought by W. H. Campbell, plaintiff, to recover from the defendants a real estate brokerage commission, alleged to have been earned by the plaintiff in finding a purchaser for the defendants' ranch, and personal property thereon, situate in Pleasant Valley, Washoe County, Nevada.

The trial court conformed its findings to the facts alleged in the complaint, and found in the language of the complaint that the defendants were owners of the property; that in the latter part of February, 1917, the defendant, Joe Vanetti, for himself and his cotenant, Angelo Capuro, entered into a certain agreement and contract with the plaintiff, conditioned that, if the plaintiff would find a buyer for the property, the defendants would pay to the plaintiff 5 per cent commission on the sale price of the said property for and in consideration of his services; that thereafter, on or about the 8th day of May, 1917, the plaintiff took one L. A. L. Green to the property, where he introduced Green to the defendants, the said Green stating that he desired to purchase a ranch; that Green, in the presence of the defendants, inspected the ranch and entered into negotiations with the defendants to purchase the same; that thereafter, on the 24th of November, 1917, Green purchased the property for the price of $23,250; and that thereafter

the plaintiff demanded of the defendant Vanetti that the defendants pay to him, under the terms of the contract, 5 per cent of the sale price of the ranch and personal property, to wit, $1,162.50.

As a conclusion of law the court found that the plaintiff was entitled to recover from the defendants the said sum and his costs of suit. Upon these findings the court rendered judgment in favor of the plaintiff and against defendants for said sum. From the judgment and an order denying to the defendants a new trial the defendants prosecute this appeal.

This action is upon a special contract of employment, oral it is true, but clear and definite in its terms, and the respective rights and obligations of the parties should have been decided by the terms of the agreement and appropriate rules of law applied to the particular facts.

The finding that the defendant, Joe Vanetti, entered into an agreement or contract with the plaintiff, conditioned that if the plaintiff would find a buyer for the defendants' ranch and personal property thereon the defendants would pay to the plaintiff, in consideration of his services, 5 per cent commission on the sale price, is not sustained by the evidence. The only evidence in support of this finding is the plaintiff's understanding of his rights under or flowing from the contract and his acts and conduct indicative of such understanding, but the contract as proved furnishes no foundation for his understanding. The evidence of the plaintiff, testifying as a witness in his own behalf, shows that he was employed to find a buyer for the property at a stated price of $24,000, and it was agreed that for this service he should be paid 5 per cent commission on the sale price of the property. The court, in effect, found that the contract was one of a general employment of the plaintiff to find a purchaser at any price and that the defendants promised to pay 5 per cent commission on the sale price, whatever it might be. This was not the contract.

There being an essential difference between the express contract declared on and that proved, the defen-

dants' exception to the refusal of their motion for a new trial is sustained, and the cause is remanded to the district court for a new trial.

COLEMAN, C. J., concurring:

I concur in the judgment of reversal, for the reason that it appears from the evidence that the defendant Capuro was not a party to the employment of the plaintiff. He was asked: "Did you ever have any conversation or make any contract with Mr. W. H. Campbell, the plaintiff, with regard to the sale of your ranch to Mr. Green or any one else?" To which he answered, "No." He was asked similar questions several times and his answer was invariably "No." His codefendant gave similar testimony. The plaintiff testified that he had no conversation with defendant Capuro concerning the deal, as they could not understand each other. There could have been no ratification by Capuro, as there is not a scintilla of evidence to the effect that the terms of the contract which Vanetti made were ever brought to his knowledge prior to the closing of the deal.

I am not in accord with the conclusions reached by my learned associates on the question discussed in their opinion. Where a broker is employed to sell real estate, it is a general rule that when he finds a person who is ready, willing and able to buy upon the terms named, he has earned his commission; and when the broker introduces a prospective purchaser to the seller, and the seller, without breaking off negotiations, thereafter sells the property at a reduced figure, the broker is entitled to his commission. See exhaustive note to Smith v. Preiss, Ann. Cas. 1913D, 823, 824, citing many cases; 19 Cyc. 249–251.

In the instant case, in my opinion, the court was justified from the evidence in concluding that the negotiations initiated in February were never broken off, and that plaintiff was the procuring cause of the sale which was consummated. Appellants have sought to make much of the fact that several months elapsed between

the time of the introduction of Green to Vanetti and the date of the sale. In the light of the testimony, I fail to see the force of this contention. Furthermore, there is evidence that it was necessary to bring two suits to quiet title to certain portions of the ranch. What, if any, effect the defects in the title had in causing the delay is not apparent.